**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| FLOTEK INDUSTRIES, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case Number CIV-05-599-C |
| ) | |
| EDWARD F. VINSON, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants removed this action from state court under diversity of citizenship jurisdiction, 28 U.S.C. § 1332, and in accordance with 28 U.S.C. §§ 1441 and 1446. "If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter sua sponte." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). In reviewing Defendants' notice of removal, the Court discovered that Defendants imperfectly pleaded facts necessary to establish the Court's jurisdiction under the diversity statute—the principal place of business for Plaintiff Flotek Industries, Inc. (Flotek) is not clearly alleged on the face of the notice of removal. See 28 U.S.C. § 1332(c); Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995); Basso, 495 F.2d at 909. Accordingly, Defendants' averments are jurisdictionally deficient under the diversity statute. Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988).

Diversity jurisdiction is, by Congress's intent, a restrictive and limited form of federal jurisdiction; to effectuate this intent, federal courts strictly construe the diversity statue.

Buell v. Sears, Roebuck & Co., 321 F.2d 468, 470 (10th Cir. 1963).  "To be observant of these restrictions is not to indulge in formalism or sterile technicality but is essential to the proper exercise of limited jurisdiction."  Id.  "[L]ack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation."  Basso, 495 F.2d at 909.  Consequently, Defendants have the duty to properly plead all facts essential to show diversity of citizenship jurisdiction in the notice of removal as there is a presumption against its existence.  Laughlin, 50 F.3d at 873; Basso, 495 F.2d at 909.  Here, for Flotek's principal place of business, Defendants may allege either the exact state where Flotek maintains its principal place of business, or that Flotek's principal place of business is in a state other than Texas.  Amoco Rocmount Co. v. Anschutz Corp., 7 F.3d 909, 915-16 (10th Cir. 1993); Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 300 (10th Cir. 1968).

Normally, FED. R. CIV. P. 12(h)(3) and 28 U.S.C. § 1447(c) would require the Court to remand the action to state court.  However, it appears to the Court that Defendants have a basis for diversity of citizenship jurisdiction and that dismissal would be imprudent.  28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); Buell, 321 F.2d at 471; Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 (5th Cir. 1988); 5 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1214 (3d ed. 2004).  Accordingly, the Court grants Defendants leave to file an amended notice of removal on or before July 5, 2005, in order to correct their deficient jurisdictional allegations.  FED. R. CIV. P. 15(d); 28 U.S.C. § 1653.  If Defendants fail to file an amended notice of removal the Court will remand the action to state court.

IT IS SO ORDERED this 29th day of June, 2005.

_____
ROBIN J. CAUTHRON
United States District Judge