## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

FLOTEK INDUSTRIES, INC., et al.,      )
                                      )
                    Plaintiffs,       )
                                      )
v.                                    )          Case Number CIV-05-599-C
                                      )
EDWARD F. VINSON, et al.,             )
                                      )
                    Defendants.       )

## MEMORANDUM OPINION AND ORDER

Plaintiffs originally filed suit in the state district court of Stephens County, Oklahoma. Defendants removed this action under diversity of citizenship jurisdiction, 28 U.S.C. § 1332, although Plaintiff Flotek Industries, Inc. (Flotek) is non-diverse.  Defendants argue that Plaintiffs fraudulently joined Flotek in an effort to deprive the Court of jurisdiction and defeat removal to federal court.  The Court, upon consideration of the applicable law, finds that Plaintiffs fraudulently joined Flotek, **DISMISSES** Flotek from the action, and retains subject matter jurisdiction over the remaining litigants under the diversity statute.

### BACKGROUND

Defendants Edward F. Vinson (Vinson) and Ricky N. Beard (Beard) are former employees of non-party Plainsman Technology, Inc. (Plainsman).  Vinson signed Plainsman's Employment Confidentiality Agreement (Agreement) which detailed the protection and use of Plainsman's trade secret information, as well as assigned to Plainsman

all rights to inventions made by Vinson during his employment with Plainsman.  In 1995, Vinson created a special method and chemical compound for use in the oil fields.  Vinson's invention received a United States Patent with Plainsman being the assignee.  Shortly thereafter, Vinson and Beard resigned their positions with Plainsman.  In 2001, Plaintiff Chemical & Equipment Specialties, Inc. (CESI) acquired Plainsman by purchasing all outstanding shares of Plainsman stock.  CESI claims that it is the successor in interest to Plainsman.

Defendant Chemplex, L.C. (Chemplex), with Vinson and Beard as the principle shareholders, began business in late 1995 and also offers a special method and chemical compound for use in the oil fields.  Flotek and CESI filed suit against Chemplex, Vinson, and Beard on their belief that Chemplex's special method and chemical compound is the same or overly similar to that made by Vinson in 1995 and assigned to Plainsman.  In their suit, Plaintiffs bring breach of contract, breach of fiduciary duty, and constructive and actual fraud claims against Vinson and a misuse of confidential information claim against Chemplex, Vinson, and Beard.

## DISCUSSION

Defendants' argument that Plaintiffs fraudulently joined Flotek in an attempt to defeat removal of the instant action to federal court necessarily implicates the Court's subject matter jurisdiction to entertain the instant action.  As a consequence, it is the duty of the Court to assure itself of subject matter jurisdiction as a threshold matter lest its rulings be in vain.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).  "Without jurisdiction the

court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. 506, 514 (1868).

Normally, the issue of fraudulent joinder concerns the joinder of a non-diverse defendant; however, the doctrine of fraudulent joinder is equally applicable to the fraudulent joinder of a non-diverse plaintiff. Miller v. Home Depot, U.S.A., Inc., 199 F. Supp. 2d 502, 508 (W.D. La. 2001) (collecting cases). Specific allegations of fraudulent joinder allow the Court to look past the pleadings to the entire record and determine joinder by any means available. Dodd v. Fawcett Publ'ns, Inc., 329 F.2d 82, 85 (10th Cir. 1964). A party-plaintiff is fraudulently joined either where no cause of action is stated against a defendant or no cause of action exists against a defendant. Id.; see also Lobato v. Pay Less Drug Stores, Inc., 261 F.2d 406, 410 (10th Cir. 1958) (affirming trial court's finding of fraudulent joinder on the ground that plaintiff failed to plead facts sufficient to state a claim against certain defendants). Fraudulent joinder must be capable of summary determination and be proven with complete certainty; doubtful issues of fact will not be pre-tried by the Court. Id. Here, upon review of the complete record, the Court finds that Flotek was fraudulently joined for two reasons: that Plaintiffs fail to state a cause of action between Flotek and Defendants, and, based upon the evidence presented, no cause of action exists between Flotek and Defendants as all causes of action stem from the interaction of Vinson and Plainsman, not Vinson and Flotek.

First, Flotek fails to allege sufficient facts to state a cause of action against Defendants. Claims one and two, breach of contract, concern the Agreement between Vinson and Plainsman. Plaintiffs failed to allege a single element for a breach of contract claim involving Flotek. See Okla. Unif. Jury Inst. 23.1. For claims three and four, misuse of confidential information and breach of fiduciary duty, respectively, Plaintiffs clearly refer only to Plainsman's trade secret information covered by the Agreement. Plaintiffs failed to allege that the trade secret information either belonged to Flotek or that Flotek had an interest in the trade secret information; they also failed to allege facts demonstrating that Vinson and Flotek had an express or implied agreement from which the alleged fiduciary duty arose with regard to the disclosure of trade secret information. See 78 OKLA. STAT. § 86; Roberson v. PaineWebber, Inc., 1999 OK CIV APP 17, ¶ 10, 998 P.2d 193, 198. For claim five, constructive and actual fraud, Plaintiffs again only refer to the Agreement. Plaintiffs fail to plead with the requisite particularity how Flotek suffered either constructive or actual fraud. Fed. R. Civ. P. 9(a); Lillard v. Stockton, 267 F. Supp. 2d 1081, 1111-13 (N.D. Okla. 2003) (discussing elements of constructive and actual fraud under Oklahoma law).[1]

Second, based upon the evidence presented, no cause of action exists between Flotek and Defendants as Vinson and Flotek have had no dealings with each other. At the core of Plaintiffs' action is the Agreement between Vinson and Plainsman. Flotek is neither a party

---

[1] In Plaintiffs' complaint, they use the name "Flotek" or "Plaintiffs" several times in their prayers for relief; however, such use is meaningless as prayers for relief form no part of a cause of action. Preas v. Phebus, 195 F.2d 61, 63 (10th Cir. 1952).

to the Agreement nor claims to be.  In addition, Flotek does not claim that it is a third-party beneficiary, successor in interest, or has any other status by which it may maintain the claims for relief contained in the complaint.  Moreover, it affirmatively appears from Vinson's affidavit that he never has been an employee or independent contractor of Flotek or ever personally entered into a contract with Flotek.  The record is devoid of any connection or contact between Flotek and Defendants other than a prospective sales letter sent by Chemplex to Flotek.

For the foregoing reasons, the Court finds that Flotek's joinder to this action is fraudulent and done for the purpose of defeating Defendants' right of removal.[2]  As a result, Flotek is not an indispensable party to the action, Rule 19(a), and should be dismissed, Rule 21.  Faucett v. Ingersoll-Rand Mining & Mach. Co., 960 F.2d 653, 654-55 (7th Cir. 1992); Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983).

## CONCLUSION

Flotek's joinder is fraudulent as Flotek neither states a cause of action against Defendants nor, on the evidence before the Court, can state a cause of action against Defendants.  Flotek is **DISMISSED** from the instant action.  The Court maintains subject

---

[2] The Court notes that Plaintiffs have had multiple opportunities to respond to Defendants' fraudulent joinder argument but did not do so.  Defendants raised the fraudulent joinder argument in both their notice of removal and motion to dismiss. (Dkt. Nos. 1, 4.)  Plaintiffs could have filed a motion to remand or a response to Defendants' motion to dismiss and explain to the Court why Flotek is a proper party-plaintiff.  In the alternative, Plaintiffs could have filed an amended complaint with the necessary factual allegations.  Instead, Plaintiffs chose to remain silent in the face of Defendants' argument.

matter jurisdiction over the remaining litigants pursuant to the diversity statute.  Defendants'

Motion to Dismiss Claims of Plaintiff Flotek Industries, Inc. [Dkt. No. 4] is **GRANTED.**.

IT IS SO ORDERED this 28th day of September, 2005.


ROBIN J. CAUTHRON
United States District Judge